**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PAUL JEFFREYS, | : | Civil No. 08-4681 (JBS) |
| Plaintiff, | : | |
| v. | : | **OPINION** |
| ANDREW MCDONNELL, et al., | : | |
| Defendants. | : | |

**APPEARANCES**:

    PAUL JEFFREYS, #377022B
    Bayside State Prison
    P.O. Box F-1
    Leesburg, New Jersey  08327
    Plaintiff Pro Se

**SIMANDLE**, District Judge

Plaintiff seeks to file a Complaint in forma pauperis pursuant to 28 U.S.C. § 1915.  Based on Plaintiff's affidavit of poverty and prison account statement, this Court will grant in forma pauperis status to Plaintiff.  As required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, this Court has screened the Complaint for dismissal and, for the reasons set forth below, will dismiss the Complaint without prejudice to the filing of an amended complaint.

**I.  LEGAL STANDARD**

The Court is required, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil

action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The Court must sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

A complaint "must contain (1) a short and plain statement of the grounds of the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . ."  Fed. R. Civ. P. 8(a).  Also, "[e]ach allegation must be simple, concise, and direct.  No technical form is required."  Fed. R. Civ. P. 8(d).  A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).  The standard for failure to state a claim, in view of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), is as follows:

> The Supreme Court's Twombly formulation of
> the pleading standard can be summed up thus:
> stating . . . a claim requires a complaint
> with enough factual matter (taken as true) to
> suggest the required element.  This does not
> impose a probability requirement at the
> pleading state, but instead simply calls for
> enough facts to raise a reasonable

2

>    expectation that discovery will reveal
>    evidence of the necessary element.

Phillips v. County of Allegheny, 515 F. 3d 224, 235 (3d Cir. 2008).

The Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Twombly.  See Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007).  Moreover, a court should not dismiss a complaint with prejudice without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility.  See Grayson v. Mayview State Hosp., 293 F. 3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F. 3d 113, 117 (3d Cir. 2000).

## II.  BACKGROUND

Plaintiff asserts the following facts in the Complaint and letters submitted subsequent to the Complaint, which this Court is required to regard as true for the purposes of this review. Plaintiff brings this action against Andrew McDonnell, Assistant Prosecutor who obtained two indictment against Plaintiff, and Andrew Johnson, a detective employed by the Cinnaminson Police Department, who allegedly testified falsely before the grand jury.  Plaintiff asserts that on September 1 and 27, 2005, McDonnell lied to the grand jury that Plaintiff had committed the crime of using juveniles in the commission of a robbery. Plaintiff alleges that Detective Johnson, in conspiracy with McDonnell, falsely testified in front of the grand jury in order

3

to obtain an indictment charging Plaintiff with two counts of employing juveniles in the commission of a robbery.  Plaintiff asserts that defendants knew these charges were false and they presented the charges to the grand jury with malice.  He further alleges:  "As a result of the defendants' lies and overzealousness to prosecute me, my children's mother and family do not believe that I should have any contact with my children . . . .  The defendants' conduct deprived me of my constitutional rights to a fair indictment trial, and will unfairly lessen my ability to exercise and defend my parental rights."  (Docket entry 1, p. 7.)  Plaintiff further asserts that he asked his defense attorney to file a motion to dismiss the use of juvenile charges, but the attorney refused and the State "used the offenses in their plea bargain."  (Compl., ¶ 5.)  Plaintiff's submissions do not indicate whether he was convicted of one or both of the use of a juvenile charges.

Attached to the Complaint are transcripts of the grand jury proceedings of September 1 and 27, 2005, in State v. Jeffreys, Indictment Nos. 2005-09-1198-I and 2005-09-1301-I.  The transcript dated September 1, 2005, indicates that defendant McDonnell asked the grand jury to indict Plaintiff for the crimes of second-degree robbery of the Farmers & Mechanics Bank in Cinnaminson, and first-degree use of a 17-year old or younger person to commit the robbery.  The transcript shows that

4

Detective Johnson testified that on June 14, 2005, he interviewed the teller at the bank who stated the following: Plaintiff entered the bank with CW, a 13-year-old neighbor; Plaintiff handed a note to the teller asking for $10,000 in cash and threatening to shoot if a silent alarm were activated; the teller gave Plaintiff $692; Plaintiff and CW left the bank; Plaintiff and CW ran to a car.

The September 27, 2005, transcript shows that McDonnell presented the testimony of Detective Dever that on June 13, 2005, Plaintiff and SW, a 15-year-old neighbor, entered a pawn shop; Plaintiff showed the owner a silver tray; the owner said he didn't want to buy the tray; Plaintiff told the owner that it was a holdup and lifted his shirt to reveal a black pistol in Plaintiff's belt; the owner told Plaintiff they were on video and a guy in the window was calling the police; Plaintiff and SW backed out of the store. The grand jury presumably indicted Plaintiff for first-degree robbery, use of a person 17 years old or younger to commit the robbery, and possession of a weapon for an unlawful purpose.

Plaintiff seeks compensatory and punitive damages of $275,000 for violation of his human and constitutional rights.

### III.  DISCUSSION

Federal courts are courts of limited jurisdiction. See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884).

"[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986). A district court may exercise original jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.

Under 42 U.S.C. § 1983, a plaintiff may obtain relief for a violation of his constitutional rights.[1] He or she must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

---

[1] Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

A.  Grand Jury

Plaintiff asserts that the prosecutor made false statements to the grand jury, and Detective Johnson falsely testified before the grand jury to obtain an indictment charging Plaintiff with use of a juvenile to commit robbery.  Plaintiff's damage claim against McDonnell fails, however, because a prosecutor is absolutely immune from suit under § 1983 for "initiating and pursuing a criminal prosecution."  Kalina v. Fletcher, 522 U.S. 118 (1997) (quoting Imbler v. Pachtman, 424 U.S. 409, 410 (1976)).  The damage claim against Johnson fails because a witness, including a police officer, is absolutely immune from suit for testifying falsely before a grand jury.  See Briscoe v. LaHue, 460 U.S. 325, 330-346 (1983) (police officer who testifies in criminal trial enjoys absolute witness immunity for false testimony); Kulwicki v. Dawson, 969 F.2d 1454, 1467 and n.16 (3d Cir. 1992) (witness who testifies in judicial proceeding is absolutely immune for false testimony); Williams v. Hepting, 844 F.2d 138, 143 (3d Cir. 1988) (witness is entitled to absolute immunity from civil liability under § 1983 for perjured testimony at preliminary hearing and suppression hearings).  Moreover, because the Fifth Amendment right to an indictment by a Grand Jury does not apply to State criminal prosecutions, see Apprendi v. New Jersey, 530 U.S. 466, 477 n.3 (2000); Albright v. Oliver, 510 U.S. 266, 272 (1994); Hurtado v. California, 110 U.S. 516

(1884), the legality of an indictment does not present a federal question,[2] see U. S. Wojtycha v. Hopkins, 517 F.2d 420, 425 (3rd Cir. 1975); see also Beck v. Washington, 369 U.S. 541, 545 (1962) ("there is no federal constitutional impediment to dispensing entirely with the grand jury in state prosecutions"); Gerstein v. Pugh, 420 U.S. 103, 118-119 (1975) ("the accused is not 'entitled to [federal] judicial oversight or review of the decision to prosecute"). Under these circumstances, Plaintiff's § 1983 claims regarding the grand jury will be dismissed for failure to state a claim upon which relief may be granted.[3]

B.  Malicious Prosecution

In a letter submitted subsequent to the Complaint, Plaintiff states that he desires to add a claim for malicious prosecution. "To prove malicious prosecution under section 1983 when the claim is under the Fourth Amendment, a plaintiff must show that:  (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the

---

[2] Under New Jersey law, prosecutors are not generally required to provide the grand jury with evidence on behalf of the suspect. See State v. Hogan, 144 N.J. 216, 235 (1996). Such a duty is triggered "only in the rare case in which the prosecutor is informed of evidence that both directly negates the guilt of the accused *and* is clearly exculpatory." Id. at 237. Moreover, "unless the exculpatory evidence at issue squarely refutes an *element* of the crime in question, that evidence is not within the prosecutorial duty we have set forth." Id.

[3] As this Court does not see how Plaintiff could conceivably state a § 1983 claim regarding the grand jury by amending the Complaint, the dismissal is with prejudice.

proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." Johnson v. Knorr, 477 F. 3d 75, 81-82 (3d Cir. 2007) (footnote omitted); see also Hartman v. Moore, 547 U.S. 250 (2006); Merkle v. Upper Dublin School Dist., 211 F.3d 782, 791-5 (3d Cir. 2000); Torres v. McLaughlin, 163 F.3d 169, 172-74 (3d Cir. 1998); Lind v. Schmid, 67 N.J. 255, 262 (1975).

As previously stated, McDonnell is absolutely immune from suit under § 1983 from damages for pursuing Plaintiff's criminal prosecution. Thus, the § 1983 malicious prosecution claim against McDonnell will be dismissed with prejudice. Although Johnson is not absolutely immune from damages for malicious prosecution, the malicious prosecution claim against Johnson will be dismissed because Plaintiff's allegations do not set forth facts establishing the five elements (stated above) of an unconstitutional malicious prosecution claim. However, the dismissal of this claim against Johnson is without prejudice to the filing of an amended complaint, within 30 days of the date of the entry of the Order accompanying this Opinion, which sets forth enough factual matter (taken as true) to suggest the required element such a claim, i.e., (1) Johnson initiated the criminal proceeding charging Plaintiff with use of a juvenile to

9

commit a robbery; (2) the use of a juvenile charge was dismissed or otherwise terminated in Plaintiff's favor; (3) Johnson initiated the use of a juvenile to commit a robbery charge without probable cause, see N.J. STAT. ANN. § 2C:24-9(a)[4]; (4) Johnson initiated this charge for a purpose other than bringing Plaintiff to justice[5]; and (5) Plaintiff was incarcerated as a result of the use of a juvenile charge or he suffered some other deprivation of liberty as a consequence of this charge.

C.  Defamation

Plaintiff complains that defendants defamed him by accusing him of the crime of use of a juvenile to commit a robbery.  The Court construes this as an attempt to assert a due process claim.

---

[4] N.J. STAT. ANN. § 2C:24-9(a) provides in relevant part:

[A]ny person who is at least 18 years of age who knowingly uses, solicits, directs, hires, employs or conspires with a person who is in fact 17 years of age or younger to commit a criminal offense is guilty of a crime.

[5] The grand jury transcript does not show that Johnson acted maliciously or for a purpose other than bringing Plaintiff to justice.  Accordingly, if Plaintiff elects to file an amended complaint, then he must provide some non-speculative factual basis for an allegation that Johnson acted maliciously or for some purpose other than bringing Plaintiff to justice.  Cf. Crawford-El v. Britton, 523 U.S. 574, 598 (1998) ("[T]he court may insist that the plaintiff 'put forward specific, nonconclusory factual allegations' that establish improper motive causing cognizable injury in order to survive a prediscovery motion for dismissal or summary judgment") (quoting Siegert v. Gilley, 500 U.S. 226, 236 (1991) (Kennedy, J., concurring in judgment)).

The claim fails, however, because a person has no protected liberty or property interest in avoiding damage flowing from harm to his reputation when government officials publicly accuse him of committing a crime.  See Paul v. Davis, 424 U.S. 693 (1976).[6]  "Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation." Siegert v. Gilley, 500 U.S. 226, 233 (1991).  Because damage to Plaintiff's reputation flowing from the use of a juvenile charges does not state a federal claim, the federal claims based on the allegedly defamatory statements will be dismissed with prejudice for failure to state a claim upon which relief may be granted.

D.  Supplemental Jurisdiction

   "Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 387 (1998) (citation and internal quotation marks

---

[6] See also Paul P. v. Verniero, 170 F.3d 396, 403-404 (3d Cir. 1999) (public disclosure of Plaintiffs' sex offender status does not violate right to privacy); Artway v. Attorney General of State of New Jersey, 81 F.3d 1235, 1268 (3d Cir. 1996) (sex offender has no protected interest in reputational damage that accompanies registration as a repetitive and compulsive sex offender); Pelullo v. Patterson, 788 F. Supp. 234, 236, 239-41 (D.N.J. 1992) (Plaintiff was deprived of no protected interest when government officials published a report accusing him of involvement in organized crime).

omitted).  Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3); Growth Horizons, Inc. v. Delaware County, Pennsylvania, 983 F.2d 1277, 1284-1285 (3d Cir. 1993).  Where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims.  See United Mine Workers v. Gibbs, 383 U.S. at 726; Growth Horizons, Inc., 983 F.2d at 1284-1285.

In this case, the Court is dismissing every claim over which it had original subject matter jurisdiction at an early stage in the litigation and declines to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3).

## IV.  CONCLUSION

This Court will dismiss the federal claims raised in the Complaint, without prejudge to the filing of an amended complaint stating a cognizable unconstitutional malicious prosecution claim, and decline to exercise jurisdiction over claims arising under state law.

                                    **s/ Jerome B. Simandle**
                                    **JEROME B. SIMANDLE, U.S.D.J.**

Dated:  **April 30**  , **2009**