**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PAUL JEFFREYS, | **Hon. Jerome B. Simandle** |
| Plaintiff, | |
| v. | Civil No. 08-4681 (JBS) |
| ANDREW MCDONNELL, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

This matter coming before the Court upon Plaintiff's submission of an Amended Complaint, and it appearing that:

1.  Plaintiff, a prisoner incarcerated at Bayside State Prison, filed a Complaint in forma pauperis pursuant to 28 U.S.C. § 1915 asserting violation of his constitutional rights under 42 U.S.C. § 1983.  Plaintiff asserted that the prosecutor and police officer Andrew Johnson violated his constitutional rights by obtaining his indictment on two counts of using juveniles in the commission of a robbery.

2.  By Order and Opinion entered April 30, 2009, this Court, inter alia, dismissed the Complaint, without prejudice to the submission for the Court's review of a proposed amended complaint within 30 days of the date of the entry of the Order.  This Court found the following deficiencies in the federal claims implicated by the Complaint: (a) the § 1983 claim with regard to the grand jury was dismissed with prejudice because defendants were absolutely immune from damages for false statements before a grand jury, and the legality of an indictment does not present a

federal question; (b) the constitutional malicious prosecution claim against the prosecutor was dismissed on the ground of absolute immunity, and the malicious prosecution claim against the police officer was dismissed without prejudice to filing an amended complaint; (c) the § 1983 defamation claim was dismissed with prejudice because a person has no protected interest in avoiding damage flowing from harm to reputation when government officials publicly accuse him of committing a crime.

3.   The Prison Litigation Reform Act requires the Court to dismiss at any time a civil action brought by a prisoner who is proceeding in forma pauperis if the Court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B).

4.   The Supreme Court recently refined the "failure to state a claim" standard in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). The Court identified two working principles in reviewing the sufficiency of a complaint under Rule 8(a)(2) of the Federal Rules of Civil Procedure:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . .  Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with

> nothing more than conclusions.  Second, only
> a complaint that states a plausible claim for
> relief survives a motion to dismiss.
> Determining whether a complaint states a
> plausible claim for relief will . . . be a
> context-specific task that requires the
> reviewing court to draw on its judicial
> experience and common sense.  But where the
> well-pleaded facts do not permit the court to
> infer more than the mere possibility of
> misconduct, the complaint has alleged - but
> it has not "show[n]" - "that the pleader is
> entitled to relief."  Fed. Rule Civ. Proc.
> 8(a)(2).

Iqbal, 129 S. Ct. at 11949-1950 (citations omitted).

5.  On May 22, 2009, the Court received Plaintiff's Amended complaint (nine pages) dated May 12, 2009, with a two-page attachment, which Plaintiff describes as excerpts from police reports.  By Order entered July 7, 2009, this Court reopened the file in order to screen the Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

6.  In the Amended Complaint, Plaintiff asserts that the two counts charging Plaintiff with use of a juvenile to commit a robbery were "dismissed as part of a plea bargain."[1]  (Am. Compl. at p. 1.)

7.  The Amended Complaint also expresses Plaintiff's frustration regarding the absence of any reference in this Court's Opinion to several details set forth in his Complaint.

---

[1] Plaintiff is presently serving the sentences imposed for his conviction on the two robbery counts.  See Inmate Locator for N.J. Dep't of Corrections, https://www6.state.nj.us/ DOC_Inmate/details?x=1053416&n=0 (last accessed Oct. 15, 2009).

3

For example, Plaintiff states that this Court omitted reference to excerpts from the police report, which were attached to the Complaint.  But nothing on the two typewritten pages (which Plaintiff now identifies as excerpts from police reports) indicated that they were part of a police report.  Plaintiff expresses his distress that this Court neither stated in its Opinion that the prosecutor had committed prosecutorial misconduct by lying to the grand jury nor referred the alleged prosecutorial misconduct to the appropriate disciplinary authorities.  However, this Court is not permitted make factual determinations about the veracity of the prosecutor's comments to the grand jury when reviewing a complaint for failure to state a claim.  Plaintiff states that this Court failed to mention that the mother of his children does not want Plaintiff to see his children because he was charged with using juveniles to commit two robberies.  However, this Court did mention same in the statement of facts.  (Opinion at p. 4.)

    8.  The Court finds that dismissal of the Amended Complaint is required because it does not cure the deficiencies in the original Complaint.

    9.  "To prove malicious prosecution under section 1983 when the claim is under the Fourth Amendment, a plaintiff must show that:  (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant

4

initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." Johnson v. Knorr, 477 F. 3d 75, 81-82 (3d Cir. 2007) (footnote omitted); see also Hartman v. Moore, 547 U.S. 250 (2006). In order to prevail in a New Jersey common law action for malicious prosecution, a plaintiff must also prove a favorable termination of the criminal proceeding. See Penwag Property Co., Inc. v. Landau, 76 N.J. 595, 598 (1978).

10. "[A] prior criminal case must have been disposed of in a way that indicates the innocence of the accused in order to satisfy the favorable termination element." Kossler v. Crisanti, 564 F. 3d 181, 187 (3d Cir. 2009).

11. In this case, despite dismissal of the "use of a juvenile to commit a robbery" charges, there was no favorable termination because a plea bargain is not a favorable termination. See Hilfirty v. Shipman, 91 F. 3d 573, 580 (3d Cir. 1996) ("a prosecutor's decision to withdraw criminal charges pursuant to a compromise with the accused is not considered to be a termination sufficiently favorable to support a malicious prosecution claim"); Mondrow v. Selwyn, 172 N.J. Super. 379, 384-85 (App. Div. 1980) ("Having compromised for his peace in the

5

criminal proceeding, the accused may not later contend that the proceedings terminated in his favor").[2]

12.  Because the face of the Amended Complaint establishes the absence of a favorable termination, Plaintiff's constitutional malicious prosecution claim fails as a matter of law.

13. Based on the foregoing, the Amended Complaint fails to state a cognizable claim under 42 U.S.C. § 1983 and fails to comply with the Court's Order permitting amendment of the original Complaint.

14.  An appropriate Order accompanies this Opinion.


                              s/ Jerome B. Simandle
                              **JEROME B. SIMANDLE**
                              District Judge


Dated:   **November 6**  , **2009**

_____

[2] Accord Mitchell v. Guzick, 138 Fed. App'x 496, 500 (3d Cir. 2005); Steele v. City of Erie, 113 Fed. App'x 456, 459 (3d Cir. 2004).